# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ERIK FLORES-GONZALES, | |
| Petitioner, | 3:05-cv-00647-LRH-RAM |
| vs. | ORDER |
| CRAIG FARWELL, *et al.*, | |
| Respondents. | |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on a motion (#21) to dismiss by respondents and on petitioner's renewed motion (#27) for appointment of counsel. The motion to dismiss seeks full or partial dismissal of the amended petition (#8) for lack of complete exhaustion, based upon procedural default, and for failure to state a claim.[1]

### *Background*

Petitioner Erik Flores-Gonzales seeks to set aside his 2003 conviction in Nevada state court, pursuant to an *Alford* plea,[2] of principal to trafficking in a schedule I controlled substance. In the

---

[1] Respondents additionally sought dismissal of the petition as untimely under the federal one-year limitation period, but respondents have withdrawn this ground for dismissal. #31, at 3-4.

[2] *See North Carolina v. Alford*, 400 U.S. 25, 37-38, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)(holding that a defendant can enter a valid guilty plea while still maintaining his innocence if there is a factual basis for the plea and the

(continued...)

present order, the Court reaches only the exhaustion issues. The Court defers any necessary consideration of the remaining issues on the motion to dismiss until after, *inter alia*, the Court has acted on any request by petitioner in response to this order for dismissal or other appropriate relief with regard to the unexhausted claims.

### *Governing Exhaustion Law*

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003). The exhaustion requirement accordingly insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

Under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a mixed petition presenting both exhausted and unexhausted claims must be dismissed without prejudice unless the petitioner either dismisses the unexhausted claims or seeks other appropriate relief.

### *Discussion*

#### *Ground 1*

In federal Ground 1, petitioner alleges that he was denied effective assistance of counsel on direct appeal because appellate counsel: (a) failed to federalize the challenge raised to the state district

---

$^{2}$(...continued)
plea is voluntary, knowing, and intelligent).

1  court's denial of his motion to suppress his confession; (b) failed to raise an issue as to alleged defects
2  in the plea agreement; and (c) failed to raise an issue as to an alleged abuse of discretion in sentencing.
3  Ground 1 further alleges that N.R.S. 174.035 violates the due process clause because the statute
4  allegedly allows the State to arbitrarily and capriciously deny one defendant the right to appeal pretrial
5  rulings while allowing another defendant the right to do so.[3]

6  Petitioner did not assert a claim of ineffective assistance of appellate counsel in his original state
7  post-conviction petition.[4]

8  In supplemental points and authorities, however, petitioner alleged under Ground 1 that
9  appellate counsel had been ineffective for, *inter alia*, failing to assert a constitutional argument in
10 support of the challenge to the denial of the motion to suppress.[5]

11 Petitioner otherwise did not raise any claim in the state district court in the supplemental points
12 and authorities: (a) that appellate counsel was ineffective for failing to raise an issue as to alleged
13 defects in the plea agreement, (b) that appellate counsel was ineffective for failing to raise an issue as
14 to an alleged abuse of discretion in sentencing; or (c) that N.R.S. 174.035 violates due process because
15 the statute allegedly allows the State to arbitrarily and capriciously deny one defendant the right to
16 appeal pretrial rulings while allowing other defendants to do so.[6]

17 Nor did petitioner raise any of these three claims in his filings in the Supreme Court of Nevada.
18 Petitioner relies upon an opening brief that was submitted with a motion for leave to file the
19 brief.  The Supreme Court of Nevada decided the appeal under its fast track procedure, and the state
20 high court expressly determined that briefing and argument were not warranted.  Merely because the
21 proposed opening brief was stamped "received" by the Clerk did not signify that the state supreme court

---

[3] #8, at 3-3B.

[4] #23, Ex. 68.

[5] #24, Ex. 71, at 3.

[6] Ground 6 in the state supplemental claims included an allegation of ineffective assistance of appellate counsel regarding a sentencing challenge that is carried forward in federal Ground 6.  That distinct allegation of ineffective assistance of appellate counsel under Ground 6 is exhausted, but the different allegation under federal Ground 1 was not fairly presented to the state courts.

had allowed and considered briefing on the fast track appeal.[7] Presenting a claim in a procedural context in which the merits of the claim will not be considered, or will be considered only in special circumstances, does not constitute fair presentation of the claim. *See, e.g., Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).

In any event, even if this Court, *arguendo*, considered the opening brief as fairly presenting claims, petitioner did not present therein, as to state Ground 1, any claim of ineffective assistance of appellate counsel other than the claim that appellate counsel failed to federalize the challenge to the denial of the motion to suppress. Petitioner focused his argument solely on that one allegation, contending that "[c]learly, the [state] District Court missed the point, as previously stated, Appellant concisely informed the court that Appellant counsel failed to present the single issue on direct appeal in a Constitutional manner."[8]

Federal Ground 1 accordingly is exhausted only as to the claim that appellate counsel was ineffective for failing to federalize the challenge raised to the state district court's denial of the motion to suppress his confession

Federal Ground 1 is unexhausted as to the claims: (a) that appellate counsel was ineffective for failing to raise an issue as to alleged defects in the plea agreement, (b) that appellate counsel was ineffective for failing to raise an issue as to an alleged abuse of discretion in sentencing; and (c) that N.R.S. 174.035 violates due process because the statute allegedly allows the State to arbitrarily and capriciously deny one defendant the right to appeal pretrial rulings while allowing others to do so.

***Ground 2***

In Ground 2, petitioner alleges that he was denied due process, effective assistance of counsel and equal protection when his motion to suppress his confession was denied.

Respondents contend that the equal protection legal theory was not exhausted. Respondents assert that the theory was not fairly presented to the state courts because it was presented for the first

---

[7] See #24, Exhs. 76, 81 & 82; *id.*, Ex. 83, at 8.

[8] #24, Ex. 82, at 4-5.

time in the state post-conviction petition and that allegedly was not a fair presentation of the claim. Respondents base the contention that the equal protection legal theory was not fairly presented upon the following footnote by the Supreme Court of Nevada on the post-conviction appeal:

> To the extent that appellant raised any of the following issues independently from his ineffective assistance of counsel claims, we conclude that they fall outside the scope of claims permissible in a post-conviction petition for a writ of habeas corpus challenging a judgment of conviction based upon a guilty plea. NRS 34.810(1)(a).

#24, Ex. 83, at 2 n.2. Respondents assert that the equal protection legal theory thus was not presented in a procedural context where the merits of the legal theory would have been considered, relying upon, *inter alia*, *Castille* and *Roettgen*, *supra*.

The Court is not persuaded in the particular context presented in this case. The statute in question provides as follows:

> The [state district] court shall dismiss a petition if the court determines that:
>
> (a) The petitioner's conviction was *upon a plea of guilty or guilty but mentally ill* and the petition is not based upon an allegation that the plea was involuntarily or unknowingly entered or that the plea was entered without effective assistance of counsel.

N.R.S. 34.810(1)(a) (emphasis added). In *State v. Gomes*, 112 Nev. 1473, 930 P.2d 701 (1996), the Supreme Court of Nevada held that – of the four statutory pleas possible in Nevada criminal cases pursuant to N.R.S. 174.035(1) – an *Alford* plea constituted a *nolo contendere* plea rather than a guilty plea. 112 Nev. at 1479 & n.2, 930 P.2d at 705 & n.2. As the state high court emphasized:

> A criminal defendant in Nevada has only four possible pleas: not guilty, guilty, guilty but mentally ill, or nolo contendere. NRS 174.035(1). No provision is made for a fifth type of plea under *Alford*, nor would it make any sense to so provide. We expressly hold that whenever a defendant maintains his or her innocence but pleads guilty pursuant to *Alford*, the plea constitutes one of nolo contendere.

112 Nev. at 1479, 930 P.2d at 705. N.R.S. 34.810(1)(a) by its express terms applies to a "conviction . . . upon a plea of guilty or guilty but mentally ill" and does not address a conviction upon a plea of *nolo contendere*. Consequently, it does not appear that – for purposes of applying the federal

exhaustion authorities in *Castille* and *Roettgen* – petitioner presented his equal protection legal theory in a procedural context in which the merits of the claim will not be considered or will be considered only in special circumstances. On the showing made, respondents have not established that petitioner pursued a procedural avenue that otherwise is not generally available for the claim.[9]

The Court accordingly is not persuaded that the equal protection allegation in Ground 2 is unexhausted on the showing and argument made.

***Grounds 3, 4, and 6***

Respondents present essentially the same argument on Grounds 3, 4 and 6. Respondents acknowledge that the scattershot parallel legal allegations as to violations based upon due process, equal protection, and, as to Ground 6, the prohibition against cruel and unusual punishment, in fact were presented to the state courts. They contend, however, that the legal theories were not fairly presented because they were not raised until they were presented in the state habeas petition. For the reasons assigned above under Ground 2, the Court holds that these parallel legal allegations were exhausted for purposes of the relevant federal law case law on exhaustion.

The Court additionally would note that Ground 4 in fact is a claim "based upon an allegation that the plea was involuntarily or unknowingly entered or that the plea was entered without effective assistance of counsel." Ground 4 therefore clearly would not be a claim that would be subject to dismissal under N.R.S. 34.810(1)(a) under any circumstance. The assertion in Ground 4 of, in particular, a due process legal theory most certainly would be fairly presented to the state courts, as such a due process claim is a fundamental component of any claim that a plea was not knowingly and voluntarily entered. The effort to parse out such a due process legal theory as a separate and unexhausted claim is not persuasive.

////

---

[9] The Court expresses no opinion as to whether an *Alford* plea otherwise constitutes a guilty plea insofar as federal authorities are concerned. The discussion in the *Alford* decision itself strongly supports the conclusion that -- the Nevada Supreme Court's *Gomes* state law holding notwithstanding – the United States Supreme Court views an *Alford* plea as a *guilty plea* in which the defendant does not himself admit his guilt. This Court further makes no express or implied holding that the federal decisions in *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), and *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), do not apply to an *Alford* guilty plea.

*Ground 5*

Respondents also present the same argument as above with regard to Ground 5, which the Court rejects for the reasons assigned under Ground 2.

Respondents additionally contend that petitioner did not present a claim of ineffective assistance with regard to Ground 5 to the state courts in any proceeding. Petitioner did allege under state Ground 5, however, "that trial and appellate counsel were ineffective . . . by allowing Petitioner to be subjected to an unconstitutional statute, NRS 453.3385."[10]

*Renewed Motion for Counsel*

The petitioner's renewed motion for appointment of counsel will be denied for the reasons previously assigned in denying his first motion for counsel. See #11. Petitioner's reliance upon 28 U.S.C. § 1915(d) is misplaced. The authorities cited in the Court's prior order instead govern the appointment of counsel in habeas actions. Petitioner's conclusory renewed motion otherwise advances no reason for reconsideration of the prior denial of his motion for appointment of counsel.

IT THEREFORE IS ORDERED that the motion (#21) to dismiss is GRANTED IN PART, as per the remaining provisions of this order, on the basis that Ground 1 is not exhausted as to the claims: (a) that appellate counsel was ineffective for failing to raise an issue as to alleged defects in the plea agreement, (b) that appellate counsel was ineffective for failing to raise an issue as to an alleged abuse of discretion in sentencing; and (c) that N.R.S. 174.035 violates the due process clause because the statute allegedly allows the State to arbitrarily and capriciously deny one defendant the right to appeal pretrial rulings while allowing other defendants to do so. These claims hereafter are referred to as the "unexhausted claims."

IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from entry of this order to file a motion either for dismissal without prejudice of the entire petition, for partial dismissal of the above-described unexhausted claims, and/or for other appropriate relief. The entire petition will be dismissed without prejudice for lack of complete exhaustion without further advance notice if petitioner does not timely respond.

---

[10] #24, Ex. 71, at 13.

1  IT FURTHER IS ORDERED that the Court defers consideration of the procedural default and other remaining issues raised in the motion to dismiss. While the respondents may renew the arguments on these defenses, the Court, in light of the age of the case, may require that these defenses be consolidated within an answer addressing the merits.

IT FURTHER IS ORDERED that the petitioner's motion renewed motion (#27) for appointment of counsel is DENIED.

DATED this 18th day of March, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE